**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CENTURY, LLC, an Oklahoma Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>1) ASIAN WORLD OF MARTIAL ARTS, INC.;<br>2) SAKURA SUPPLY COMPANY, d/b/a Sakura Martial Arts Supplies;<br>3) KENNETH LEE, d/b/a Kinji San Martial Arts, d/b/a Discount Martial Arts Supplies;<br>4) RANDALL T. KOCH, d/b/a Ata Blackbelt Academy, d/b/a Koch Martial Arts;<br>5) TEWS, INC., d/b/a Ninja Gym Martial Arts;<br>6) KARATE KORNER LLC;<br>7) MARTIAL ART SUPPLY.COM;<br>8) AIYA MEDIA GROUP, INC., d/b/a Aiya! Inc., d/b/a Gungfu Martial Arts, d/b/a Gungfu.com;<br>9) BLACK BELT SHOP, LLC, d/b/a BlackBeltShop.com, d/b/a Taekwondosupplies.com<br>10) JOSEPH GRAVELINE, d/b/a American Fighting Art Supply;<br>11) ACADEMY OF MARTIAL ARTS SUPPLIES, d/b/a Martial Arts Super Market;<br>12) OFFICIAL PRO SPORTS.COM;<br>13) BLACK SHOPPING CHANNEL, INC.;<br>14) S. VAN WILLIAMS, d/b/a Superior Marital Arts Supplies, LLC, d/b/a Superior Martial Art Weapons and Supplies; and<br>15) JOHN DOES.<br><br>Defendants. | Case No. CIV-09-1011-L<br>**JURY TRIAL DEMANDED**<br>**INJUNCTIVE RELIEF DEMANDED** |

**C O M P L A I N T**

Plaintiff, Century, LLC ("Century"), for its causes of action against Asian World of Martial Arts, Inc. ("AWMA"), and the following Internet retailers of its products, including Sakura Supply Company, d/b/a Sakura Martial Arts Supplies; Kenneth Lee, d/b/a, Kinji San Martial Arts, d/b/a, Discount Martial Arts Supplies; Randall T. Koch, d/b/a, Ata Blackbelt Academy, d/b/a, Koch Martial Arts; Tews, Inc., d/b/a Ninja Gym Martial Arts; Karate Korner, LLC; Martial Art Supply.com; Aiya Media Group, Inc., d/b/a Aiya! Inc., d/b/a Gungfu Martial Arts, d/b/a Gungfu.com; Black Belt Shop, LLC, d/b/a BlackBelt.com, d/b/a Taekwondosupplies.com; Joseph Graveline, d/b/a American Fighting Art Supply; Academy of Martial Arts Supplies, d/b/a Martial Arts Super Market; Official Pro Sports.com; Black Shopping Channel, Inc.; S. Van Williams, d/b/a Superior Marital Arts Supplies, LLC, d/b/a Superior Martial Art Weapons and Supplies; and John Does (collectively "Retailers") (AWMA and Retailers may be referred to collectively as "Defendants"), alleges and states as follows:

## NATURE OF COMPLAINT

1. This is an action for injunctive relief and monetary damages arising out of, *inter alia*, Defendants' infringement and unauthorized use of Century's federally and state registered trademarks and copyrighted designs. Defendants have also engaged in false advertising, false designation of origin, deceptive and unfair trade practices, common law trademark infringement, unfair competition, and passing off.

## PARTIES

2. Century is an Oklahoma limited liability company having a principal place of business at 1000 Century Boulevard, Midwest City City, Oklahoma, 73110.

3. AWMA is a Pennsylvania corporation having a principal place of business at 94700 Ashton Road, Philadelphia, Pennsylvania, 19107.

4. Upon information and belief, Sakura Supply Company, d/b/a Sakura Martial Arts Supplies ("Sakura") is an Ohio Corporation with a principal place of

business at 3426 Parkridge Circle, NW, Canton, Ohio, 44718-3146, and is an Internet retailer operating at the domain name www.sakuramartialarts.com.

5. Upon information and belief, Kenneth Lee, d/b/a, Kinji San Martial Arts, d/b/a Discount Martial Arts Supplies is an Internet retailer operating at the domain name www.discountmas.com with a business address of 3010 Avenue M, Brooklyn, New York, 11210-4745.

6. Upon information and belief, Randall T. Koch, is the sole proprietor of Ata Blackbelt Academy, d/b/a, Koch Martial Arts, with a principal place of business in Newport, Oregon, and is an Internet retailer operating at the domain name www.kochmartialarts.net.

7. Upon information and belief, TEW'S, Inc., d/b/a Ninja Gym Martial Arts, is a Nevada corporation with a place of business in Henderson, Nevada, and is an Internet retailer operating at the domain name www.ninjagym.com.

8. Upon information and belief, Karate Korner LLC is a New Jersey limited liability company with a principal place of business of 8470C Remington Avenue, Pennsauken, New Jersey, 08110, and is an Internet retailer operating at the domain name www.karatekorner.com.

9. Upon information and belief, Martial Art Supply.com is an Internet retailer with a principal place of business at 13023 NE Highway 99, Suite 7 - #213, Vancouver, Washington, 98686, and operates at the domain name www.martialartsupply.com.

10. Upon information and belief, Aiya Media Group, Inc., d/b/a Aiya! Inc., d/b/a Gungfu Martial Arts, d/b/a Gungfu.com is a California corporation with a principal place of business at 1871 W. Commonwealth Avenue, Fullerton, California, 92833, and an Internet retailer operating at the domain name www.gungfu.com.

11. Upon information and belief, Black Belt Shop, LLC, d/b/a BlackBeltShop.com, d/b/a Taekwondosupplies.com ("Black Belt Shop") is a Texas limited liability company with a principal place of business at 3610-2 N. Josey, Suite 223

Carrollton, Texas, and is an Internet retailer operating at the domain names www.blackbeltshop.com and www.taekwondosupplies.com.

12. Upon information and belief, Joseph Graveline, d/b/a American Fighting Art Supply, is an individual residing in Brooklyn, Connecticut, and an Internet retailer operating at the domain name www.shop.americanfightingartsupply.com.

13. Upon information and belief, Academy of Martial Arts Supplies, d/b/a Martial Arts Super Market is an Internet retailer operating at the domain name www.martialartsupply.com with a principal place of business at 405 Black Horse Pike (Rt. 168), Haddon Heights, New Jersey, 08035.

14. Upon information and belief, Official Pro Sports.com is an Internet retailer operating at the domain name www.officialprosports.com with a principal place of business at Official Pro Sports, 10738 Opal Ave, Redlands, California, 92374.

15. Upon information and belief, Black Shopping Channel, Inc. is a Florida Corporation with a business address of 8427 Alister Boulevard W, Palm Beach Gardens, Florida, 33481-8171, and is an Internet retailer operating at the domain name www.blackshoppingchannel.net.

16. Upon information and belief, S. Van Williams, d/b/a Superior Marital Arts Supplies, LLC, d/b/a Superior Martial Art Weapons and Supplies, is an Internet retailer operating at the domain name www.smaws.com.

17. John Does are Internet Retailers advertising and selling products that infringe or otherwise violate rights of Century.

## JURISDICTION AND VENUE

18. This is an action arising in part under the laws of the United States, specifically Section 32 and Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) as well as the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

19. The Court has original jurisdiction of these claims pursuant to 28 U.S.C. §§ 1331 and 1338. Jurisdiction as to all other causes of action is proper pursuant to 28

U.S.C. § 1367 because the causes of action set forth are so related that they form a part of the same cause or controversy.

20. This Court also has jurisdiction of the subject matter of this action under the provisions of 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

21. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**BACKGROUND**

22. Century is a supplier of martial arts products in the United States and globally. One of Century's products is the BOB® sparring partner, sold as both the BOB® original product and BOB® XL (collectively the "BOB® Product"), Century has distributed the BOB® product extensively throughout the United States and the world.

23. Century is the owner of a federal trademark registration for the word mark "BOB®" for "athletic, exercise and fitness equipment, namely, training bags for kicking and punching; punching bags shaped like a human torso," Registration No. 3,054,595 (the "BOB® Mark"). A copy of the registration certificate is attached as **Exhibit 1**.

24. Century is also the owner of a federal trademark registration for the trade dress of a three dimensional configuration of a muscular male human torso without arms for "athletic, exercise and fitness equipment, namely, training bags for kicking and punching; punching bags shaped like a human torso," Registration No. 3,662,649 (the "BOB® Trade Dress"). A copy of the registration certificate is attached as **Exhibit 2**.

25. Century is also the owner of an Oklahoma state trademark registration directed to the BOB® Product, Registration Number 12,244,920. A copy of the state registration certificate is attached as **Exhibit 3**.

26. The BOB® Mark is distinctive and consumers believe the associated products have a single source of origin - Century. The BOB® Mark serves to distinguish the high quality products of Century from those provided and sold by others.

27. The BOB® Trade Dress is also distinctive and consumers believe products featuring the trade dress have a single source of origin – Century. The BOB® Trade Dress serves to distinguish the high quality products of Century from those provided and sold by others.

28. Century has used the BOB® Mark and the BOB® Trade Dress since at least as early as July of 1999. Century has sold the BOB® Product in all fifty states of the United States as well as worldwide and promotes the BOB® Product featuring the BOB® Mark and BOB® Trade Dress via a variety of media including the Internet, newspapers, catalogs, magazines and brochures.

29. Century distributes the BOB® Product through a variety of channels including the Internet, martial arts schools and supply stores as well as large retail distributors such as The Sports Authority, Dick's Sporting Goods, Big 5 and Academy.

30. The BOB® Product has also appeared in several motion pictures and television shows creating nationwide exposure for the BOB® Trade Dress.

31. Due to the widespread and extensive use of the BOB® Mark and BOB® Trade Dress, strict control over the nature and quality of the goods provided, extensive advertising and promotions activities and substantial sales as a result thereof, Century has built up an excellent reputation and valuable goodwill in the BOB® Mark and the BOB® Trade Dress, such that the BOB® Mark and BOB® Trade Dress are famous and distinctive. The BOB® Mark and BOB® Trade Dress have been established in the minds of consumers as designating Century as the source of the products provided.

32. Century is also the sole owner of a copyright registration and application directed to its BOB® Product, including Registration Number VA 1-648-102 for BOB®

XL Sparring Device. Attached as **Exhibit 4** is a copy of the copyright registration certificate for the BOB® XL Sparring Device.

33. Century has complied with all statutory requirements in securing federal statutory copyright for the BOB® designs under the Copyright Laws of the United States.

**DEFENDANTS' UNLAWFUL CONDUCT**

34. AWMA imports and sells martial arts supplies in the United States. AWMA sells Century products as well as products competitive to Century products.

35. AWMA currently sells a product referred to as "TOD" Freestanding Torso Opponent Dummy (the "TOD Product'). A copy of a web advertisement for the TOD Product is attached as **Exhibit 5**.

36. On September 2, 2008, AWMA filed an application to register the mark "TOD" for "humanoid torso figures for use in training boxers and martial artists in punching, kicking, grappling and throwing," which issued as Federal Registration 3,670,723 on August 18, 2009 (the "TOD Mark"). A copy of the certificate of registration for the TOD Mark is attached as **Exhibit 6**.

37. In many respects, the TOD Product is virtually identical to the BOB Product.

38. AWMA and Retailers sell the TOD Product through a variety of channels including retail sales through the Internet.

39. Century contacted AWMA in a letter dated December 9, 2008 to notify AWMA that its TOD Product and TOD Mark infringe Century's rights in certain intellectual property.

40. After Century's objections to AWMA, AWMA and Retailers have continued to sell and offer for sale the TOD Product and use the TOD Mark in connection with the TOD Product.

41. Following correspondence from Counsel for AWMA dated December 16, 2008, Century maintained its objections to AWMA's actions in a letter dated January 19, 2009.

42. Upon information and belief, AWMA, together with certain Retailers, including Sakura, have engaged in advertising practices advertising the TOD Product as replacing the BOB® Product.

43. Certain Retailers, including Sakura and Black Belt Shop have used the Century name or BOB® Mark trademark in connection with the TOD Product, creating the false impression that the TOD Product is a Century product or is endorsed by, sponsored by or affiliated with Century.

44. Sakura utilizes the BOB® Mark and images of the Century BOB® Products on its web site. Users searching for the BOB® Product are referred to the TOD Product. A search for "BOB" on the Sakura web site at www.sakuramartialarts.com returns three Century products, the BOB® complete unit, the BOB® torso only and the junior BOBBY BULLY™ product. Sakura does not sell the BOB® products. Instead, customers are directed to the TOD Product.

45. Sakura advertises that the TOD Product "REPLACES THE BOB." A copy of the Internet advertisement from the Sakura web site is attached as **Exhibit 7**. Sakura also incorporates the BOB® Mark in the uniform resource locator ("URL") for the TOD Product as follows:

> http://www.sakuramartialarts.com/Martial_Arts_Supply_***BOB***_TOD_
> Body_Opponent_Groin_p/equ-5017-a1.htm.

46. Sakura also describes the TOD Product as "TOD THE BODY OPPONENT BOB WITH GROIN TORSO TARGET," incorporating therein, the BOB® Mark.

47. On its web site, Black Belt Shop advertises the TOD Product as a Century Product. At the top of the web page advertising the TOD Product, Black Belt Shop states

"Free Standing Punching Bags for Boxing and Martial Arts by Century." The TOD Product is not a Century product. A copy of the Black Belt Shop web page is attached as **Exhibit 8**.

**COUNT I**

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS**

48. Century re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

49. This is an action under the trademark laws of the United States, specifically, Section 32 of the Lanham Act, 15 U.S.C. § 1114, for Defendants' unlawful use and infringement of Century's federally registered BOB® Mark and BOB® Trade Dress.

50. Defendants' use of the TOD Mark and associated product design in association with the TOD Product infringes Century's federally registered BOB® Mark and BOB® Trade Dress. Defendants' use of the TOD Mark and associated product design is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of the goods and to mislead the public into believing that Defendants and their goods are affiliated, connected, or associated with Century, and that Defendants' goods originate, are sponsored by, or somehow approved by Century.

51. Sakura's use of the BOB® Mark for the sole purpose of diverting customers to products that are not Century Products is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of the goods and to mislead the public into believing that the TOD Products sold by Sakura are affiliated, connected, associated with, or somehow approved by Century. This likelihood of confusion is increased by Sakura's statements that the TOD Product "REPLACES THE BOB!"

52. Black Belt Shop's use of the Century name and trademark in association with the TOD Products is likely to further cause confusion, or to cause mistake, or to

deceive as to the source, origin and sponsorship of the goods and to mislead the public into believing that the TOD Products advertised for sale on the Black Belt Shop web site are affiliated, connected, associated with, or somehow approved by Century.

53. As a result of Defendants' unlawful conduct, and because of the likelihood of confusion engendered by Defendants, Century has been and will continue to be damaged.

54. Century will suffer irreparable harm should Defendants' infringement be allowed to continue to the detriment of Century's reputation and goodwill.

55. Century's remedy at law is not by itself adequate to compensate for the injuries inflicted. Defendants' activities have caused and will cause irreparable harm to Century for which Century has no remedy at law in that if Defendants' wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods provided by Defendant, and any infringement by Defendant constitutes an interference with Century's goodwill and customer relationships.

56. AWMA's, Sakura's and Black Belt Shop's acts are in bad faith, willful and in conscious or reckless disregard of Century's rights in such that this is an exceptional case for which Century is entitled to treble damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT II

## UNFAIR COMPETITION/ FALSE ADVERTISING/ FALSE DESIGNATION OF ORIGIN

57. Century re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

58. This is an action under the trademark laws of the United States, specifically, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for Defendants' unlawful use and infringement of the Century BOB® Mark and BOB® Trade Dress configuration in connection with the TOD Mark and Product.

59. Defendants' use of the TOD Mark and product design in association with the TOD Product infringes Century's federally registered BOB® Mark and BOB® Trade Dress, and is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of Defendant and its goods and to mislead the public into believing that Defendant and its goods are affiliated, connected, or associated with Century, and that Defendants' goods originate, are sponsored by, or somehow approved by Century.

60. Defendants' use of the TOD Mark and product design in connection with the advertising and/or sale of its goods constitutes a false designation of origin, false description and false representation that the goods provided by Defendant, originated from or are sponsored, approved, or authorized by Century, and is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1125(a).

61. As a result of Defendants' unlawful conduct, Century has been and will continue to be damaged.

62. Century will suffer irreparable harm should Defendants' infringement be allowed to continue to the detriment of Century's reputation and goodwill.

63. Century's remedy at law is not by itself adequate to compensate for the injuries inflicted and threatened by Defendant.

64. AWMA's, Sakura's and Black Belt Shop's acts are in bad faith, willful and in conscious or reckless disregard for the truth such that this is an exceptional case for which Century is entitled to treble damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT III

## VIOLATION OF THE OKLAHOMA DECEPTIVE TRADE PRACTICES ACT

65. Century re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

66. This claim is brought pursuant to 78 Okla. Stat. § 53, the Oklahoma Deceptive Trade Practices Act, for Defendants' unlawful use of marks and trade dress confusingly similar to the Century BOB® Mark and BOB® Trade Dress, which constitutes the knowing and false representation as to sponsorship, approval, affiliation, connection, association with or certification by Century, and efforts to pass off Defendants' goods as those of Century and to trade on Century's goodwill.

67. As a result of Defendants' unlawful conduct, Century has been damaged and is entitled to recover its attorneys' fees pursuant to 78 Okla. Stat. § 54.

68. Century's remedy at law is not by itself adequate to compensate it for the injuries inflicted. Defendants' activities have caused and will continue to cause irreparable harm to Century, for which Century has no sufficient remedy at law.

## COUNT IV

## INFRINGEMENT UNDER STATE LAW

69. Century re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

70. This claim is brought pursuant to 78 Okla. Stat. § 31 for Defendants' use, without Century's consent of a reproduction, copy or colorable imitation of Century's registered trademark in connection with the sale, offering for sale or advertising of goods and such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods.

71. AWMA, Sakura, and Black Belt Shop intentionally, knowingly and willfully infringed Century's trademark rights.

72. As a result of Defendants' conduct, Century has suffered and continues to suffer damages.

73. Century's remedy at law is not by itself adequate and Century has suffered and continues to suffer irreparable harm such that Century is entitled to injunctive relief.

## COUNT V

## UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT, PASSING OFF

74. Century re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

75. This claim is brought under the common law of the state of Oklahoma for unfair competition, trademark infringement and trade dress infringement.

76. By using the TOD Mark and product design, Defendants are unfairly competing with Century, creating confusion regarding the source of Defendants' goods, trading on the reputation and goodwill of, and infringing Century's BOB® Mark and BOB® Trade Dress and passing off of its goods as those of Century, all in violation of the common law of the state of Oklahoma.

77. AWMA, Sakura and Black Belt Shop intentionally, knowingly and willfully engaged in common law unfair competition, trademark infringement and passing off, acted in bad faith and in conscious and reckless disregard for the rights of Century, for which Century is entitled to attorneys' fees and costs.

78. As a result of Defendants' conduct, Century has suffered and continues to suffer damages.

79. Century's remedy at law is not by itself adequate and Century has suffered and continues to suffer irreparable harm such that Century is entitled to injunctive relief.

## COUNT VI

## COPYRIGHT INFRINGEMENT

80. Century re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

81. Before creating, marketing and selling the TOD Product, AWMA had access to the BOB® Product through its sales of the BOB® Product as well access in the marketplace.

82. The TOD Product is substantially similar to the BOB® Product.

83. Defendants have infringed Century's registered copyright in the BOB® Product through Defendants' production, manufacturing, distribution or sales of the TOD Product.

84. As a result of Defendants' conduct, Century has suffered and continues to suffer damages.

85. Century's remedy at law is not by itself adequate and Century has suffered and continues to suffer irreparable harm such that Century is entitled to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Century requests the Court enter judgment in its favor as follows:

A. Judgment be entered in favor of Century against Defendants as to each of the above counts;

B. Defendants, their officers, agents, servants, employees, successors and assigns, and all persons acting in concert or participation with Defendants, be preliminarily and permanently enjoined from using Century's federally registered BOB® Mark, BOB® Trade Dress or any other marks confusingly similar, specifically including but not limited to the TOD Mark and the TOD product design, and from any and all other conduct which is likely to cause confusion or to cause a mistake or deceive as to affiliation, connection or association of Defendants with Century, as to origin, sponsorship or approval of Defendants' goods by Century;

C. Defendants be ordered to remove and deliver for destruction all signs, labels, displays, literature, recorded commercials, advertising, or other material or tangible things it its possession or control, or their agents or employee's position or control, that incorporate or use the TOD Mark, TOD product design or any other designation that is confusingly similar to the BOB® Mark or BOB® Trade Dress;

D. Defendants be ordered to file with this Court and serve on Century within thirty (30) days after service of the injunction, a report in writing, under oath, setting

forth in detail the manner and form in which the Defendants have complied with the injunction;

E. Defendants be ordered to publish corrective advertising to correct the confusion it created and to prevent Defendants from further benefiting from the goodwill and strength of the BOB® Mark and BOB® Trade Dress;

F. Defendants be required to pay such damages as Century has sustained as a consequence of the Defendants' unlawful acts and pursuant to the claims set forth herein, including treble damages pursuant to 15 U.S.C. § 1117;

G. At the election of Century, said election to be made at any time before entry of final judgment, as authorized by 17 U.S.C. § 504, that Defendants be required to pay damages to Century of either:

a. Such actual damages as Century has sustained as a consequence of Defendants' infringement of Century's copyright, together with any profits of Defendants that are attributable to said infringement and are not taken into account in computing actual damages, pursuant to 17 U.S.C. 504(b); or

b. Statutory damages of $150,000 for each work infringed as authorized by 17 U.S.C. 504 (c)(2);

H. Defendants be required to pay Century's costs, expenses, and reasonable attorneys' fees in connection with this action, as provided in 15 U.S.C. § 1117, 78 Okla. Stat. § 53, 17 U.S.C. § 505 and other applicable statutory and common law authorities;

I. Defendants be required to pay damages incurred by Century as a result of the unfair competition, and deceptive trade practices perpetrated by Defendant;

J. AWMA's registration at the United States Patent and Trademark Office for the TOD Mark be cancelled; and

K. Century be granted such other and further relief as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Century hereby demands a trial by jury on all claims that may be tried before a jury.

Respectfully submitted this **14th** day of **September, 2009**.

***s/ Joseph H. Bocock***

Joseph H. Bocock, OBA #0906
Michael J. LaBrie, OBA #16253
Andrew B Peterson, OBA #21321
McAfee & Taft
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102-7103
405/235-9621
405/235-0439 (Fax)
joseph.bocock@mcafeetaft.com
michael.labrie@mcafeetaft.com
andy.peterson@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF CENTURY, LLC**